**SABLACK, Admx., Plaintiff-Appellant, v. GLENN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21737. Decided April 24, 1950.

J. Albert Lowell, Cleveland, for plaintiff-appellant.
Squire, Sanders & Dempsey, Cleveland, for defendant-appellee.

## OPINION

PER CURIAM:

This is an action for wrongful death here appealed on questions of law from a judgment entered by the Common Pleas Court of Cuyahoga County upon a verdict of the jury in favor of defendant.

In the view we take of this case we are confronted with but the single question, whether the court erred in its charge to the jury.

We have before us a partial bill of exceptions containing the charge of the court and so much of the evidence as is necessary to exhibit the error of which complaint is made. From the record it appears that the witnesses for plaintiff testified that the automobile in which decedent was a passenger was operated by one Baricevich in a westerly direction on Lake Shore Boulevard; that it skidded on the wet pavement so that it was facing south and came to a standstill or practically so across the four car tracks of the east and west bound street cars; while in this position it was struck by the automobile driven by defendant; that when the car in which decedent was riding started to skid defendant was between 225 and 300 feet away; that defendant was driving east at a speed of between 40 to 50 miles per hour; that he failed to slow up or divert the course of his car to avoid striking the car in which decedent was riding; that there were no cars parked on Lake Shore Blvd., south of the scene of the accident.

The Court charged in part as follows:

"If you find that the evidence in respect to negligence was **in equipoise,** in other words, weighed evenly on one side or the other, that the negligence of Baricevich if you found that to be, and the negligence of Glenn, **if you found there was some negligence on his part, were evenly weighed in your mind, then your verdict must be for the defendant."** (Emphasis supplied.)

The court also charged correctly that the negligence of the driver could not be imputed to the decedent passenger and that the plaintiff could recover if the jury found that her decedent's death was proximately caused by the negligence of the defendant and Baricevich. In other parts on the charge reference was made to the sole negligence of the defendant. Upon a consideration of the whole charge we are unable to determine which rule the jury followed. The applicable rule of law as stated in **29 O. Jur, 769, Sec. 225** is as follows:

"It is well settled that where both correct and incorrect instructions upon the same subject have been given to the jury and where, from the whole charge it is uncertain which rule the jury adopted, the judgment should be reversed. This is especially true * * * where the correct instruction is a statement of general principles or is given in general terms **and the incorrect one is a specific instruction of the particular issue in the case.** This rule has been applied to conflicting instructions dealing with the burden of proof, proximate cause and due care." (Emphasis ours.)

Accordingly the judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings according to law. Exc. Order see journal.

SKEEL, PJ, McNAMEE, J, HURD, J, concur.